IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOUSEF BARBOR, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 03 CV 5159 ) ) *(Judge Conlon)* |
| ORLAND HILLS, ILLINOIS, ORLAND HILLS POLICE OFFICERS MERLO, GLOHM, AND GAIDES AND ITEDAL SHALABI, | ) ) ) ) ) |
| *Defendants.* | ) |

FILED JAN 15 2004

DOCKETED JAN 15 2004

# PLAINTIFF'S LOCAL RULE 56.1 STATEMENT

## I. DESCRIPTION OF THE PARTIES

### A. Plaintiff

1. The plaintiff Yousef Barbor is 44 years of age. (Barbor Interrogatory Answer 1.)

2. Barbor was born in Syria, has lived in this country since 1979, (Barbor Interrogatory Answer 4), and became a United States citizen in (Barbour Dep. 26.)

3. Barbor earned a Bachelor of Science in Industrial Engineering from Roosevelt University in 1985 and a Masters in Business Administration from Roosevelt in 1991. (Barbor Interrogatory Answer 4.)

4. Barbor presently lives in Orland Hills, Illinois with his wife and three children. (Barbor Interrogatory Answer 4.) In 2001, plaintiff's mother also lived with him. (Id.)

5. On July 26, 2001, Barbor was arrested and on July 28, 2001, Barbor was charged in the Circuit Court of Cook County with having beaten and seriously injured his elderly mother. (Answer to Second Amended Complaint, pars. 5, 20.)

6. Barbor was found not guilty of all charges. (Barbor Interrogatory Answer 19.)

B. Defendants

1. Defendant Michael Merlo has been an Orland Hills police officer for 22 years. (Merlo Dep. 3.)

2. Defendant Village of Orland Hills is an Illinois municipal corporation.

3. Plaintiff seeks to impose liability on the Village under 42 U.S.C. §1983 because of two municipal policies:

   a. The first challenged policy permits Orland Hills police officers to hold suspects for up to 72 hours "for investigative purposes" without the filing of charges. (Hilton Dep. 8-9.)

   b. The second challenged policy permits Orland Hills police officers to prohibit persons in custody from making a telephone call (other than to an attorney). (Hilton Dep. 14-15.)

## II. JURISDICTION AND VENUE

Plaintiff invokes the jurisdiction of the Court under 28 U.S.C. §1343; venue is proper in the Northern District of Illinois because plaintiff's claims arose in this district.

## III. FACTS

1. Defendant Merlo, acting with other police officers, caused plaintiff to be arrested in the evening of July 26, 2001 and transported to the Orland Hills police station. (Answer to Second Amended Complaint, par. 5.)

2. Plaintiff was interrogated at the Orland Hills police station on July 26, 2001 by defendant Merlo. (Merlo Dep. 25-33.)

3. Merlo directed that plaintiff not be permitted to make any telephone calls while held in custody. (Merlo Dep. 5.)

4. Merlo ended the interrogation because he "wanted to gather up some more evidence." (Merlo Dep. 33.) Merlo wanted to "work up a further investigation for, possible attempted murder." (Merlo Dep. 35.) Merlo "was going to hold [plaintiff] as long as I possible could until I could [sic] gathered as much as evidence as I could to bring justice to that woman." (Merlo Dep. 55.)

5. Merlo was responsible for plaintiff being held in custody overnight from July 26 to 27th. (Merlo Dep. 5.)

6. Merlo caused plaintiff to be held over night so that he could resume his interrogation the next day. (Merlo Dep. 56.)

7. In causing plaintiff to be held overnight, Merlo followed the municipal practice that he understood authorized its police officers to "hold somebody up to 72 hours to work up an investigation." (Merlo Dep. 36.)

8. Merlo directed that plaintiff not be permitted to use the telephone while in custody because "I didn't want him contacting his wife." (Merlo Dep. 38.)

9. At Merlo's direction, plaintiff was taken to the Orland Park police lockup, where he arrived at 6:20 a.m. (Rabideau Dep. 8-9.)

10. Plaintiff remained at the Orland Park police lockup until 7:45 p.m. on July 27, 2001, when he was returned to the Orland Hills police station. (Rabideau Dep. 9.)

11. After being returned to the Orland Hills police station, plaintiff was reinterrogated by defendant Merlo. (Merlo Dep. 52-54.)

12. At 1:45 a.m. on July 28, 2001, plaintiff was returned to the Orland Park lockup, where he remained until 7:36 a.m. when he was taken to the Bridgeview courthouse for a bond hearing. (Rabideau Dep. 13-14.)

13. A judge of the Circuit Court of Cook County set bond at plaintiff's initial court appearance and, as soon as plaintiff could use the telephone, he arranged for the posting of bond. (Answer to Second Amended Complaint, par. 21.)

_____
KENNETH N. FLAXMAN
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604

(312) 427-3200

*attorney for plaintiff*

# See Case File For Exhibits